## E. E. Tolman, Appellee, v. Albert Borden, Appellant.

### Gen. No. 27,389.

1. FORCIBLE ENTRY AND DETAINER—*admissibility of lease in evidence.* In an action of forcible detainer brought upon a written lease, an objection to the admission in evidence of the lease without formal proof of its execution was properly overruled when its execution was not denied by affidavit as required by section 52 of the Practice Act (Cahill's Ill. St. ch. 110, ¶ 52).

2. LANDLORD AND TENANT—*construction of separate provisions of lease for notice of termination.* A section of a lease which provides that service of a notice to quit shall not, of itself, be deemed a termination thereof will not be construed to nullify a provision for termination upon 60 days' notice contained in the *habendum* clause, especially where such a construction would create a perpetual lease which would be unenforceable and would do violence to the purpose and intent of the parties as gathered from the entire instrument.

3. LANDLORD AND TENANT—*when demand unnecessary to terminate lease.* Where a lease provided that it should expire upon a certain date upon the giving of notice, no demand for possession was necessary.

Appeal from the Municipal Court of Chicago; the Hon. ROBERT E. GENTZEL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1921. Affirmed. Opinion filed June 27, 1922.

BECKER & HORWICH, for appellant.

KRAFT, KRAFT & ERSKINE, for appellee.

MR. JUSTICE BARNES delivered the opinion of the court.

This is an action in forcible detainer, brought upon a written lease of the premises to appellant, which provided for a tenancy from May 1, 1920, until April 30, 1921, inclusive, and from year to year thereafter until terminated as of April 30 in any year by giving not less than 60 days' notice in writing of such termination. The sufficiency of the notice given under such provision is not questioned. The points made on this appeal are that the lease was improperly received in evidence, and that the lease was not terminated by the service of such notice.

In support of the first point it is urged that the execution of the lease received in evidence was not proven. The execution not having been denied by affidavit, as required by section 52 of the Practice Act (Cahill's Ill. St. ch. 110, ¶ 52), formal proof thereof was not required to render the instrument admissible in evidence. The practice in the municipal court is made the same by statute, unless otherwise determined by that court (Cahill's Ill. St. ch. 37, ¶ 407), and no change from the statute in that respect is shown in the record.

In support of the second point it is urged that the provision for the termination of the lease upon such notice, which appears in the *habendum* clause of the lease, is repugnant to other provisions contained in paragraph 16.

Paragraph 16 reads as follows:

"The service of any five-days' notice, or other notice to quit, or demand for possession, or notice that the tenancy hereby created will be terminated on a date therein named, shall not of itself be deemed a termination hereof, nor shall the institution of any action of forcible entry or detainer be deemed a termination hereof, nor shall any judgment for possession that may be rendered in such action be deemed a termination hereof, whether such judgment shall have been rendered for non-payment of rent, or for breach of any of the covenants, or agreements, in this lease

contained, nor shall the entry of such judgment release lessee from the obligation to pay the rent thereby reserved to be paid during the balance of the term hereof, or during any extension hereof, but lessor may receive and collect any rent due from lessee, and the payment or receipt of said rent shall not waive or affect any such notice, suit or judgment, or in any manner whatsoever waive, affect, change, modify or alter any rights or remedies which lessor may have by virtue hereof.''

This section apparently makes a distinction between a termination of rights that have accrued under the lease and a termination of the tenancy created by it, and is designed to preserve such rights or remedies a lessor may have to collect rent or for breach of covenant notwithstanding any of the steps mentioned may have been taken to terminate the tenancy. But whatever be the interpretation of paragraph 16, appellant's contention that its provisions nullify the provision in the *habendum* clause for terminating the lease is untenable, for such a construction would create a perpetual leasehold or tenancy which, of course, could not be enforced.

Such a construction, too, does violence to the very purpose of the instrument and the intent of the parties as gathered from its four corners. Various provisions of the lease contemplate that it may be terminated. Clause 11 provides: ''At the termination of this lease, by lapse of time or otherwise, lessee shall yield up immediate possession to lessor.'' Clause 12 provides that in case of any breach of covenant the lessee's right of possession shall terminate, and that his retention or possession thereof shall constitute a forcible detainer of the premises. These provisions are not reconcilable with appellant's construction of paragraph 16.

It is also urged that there was no demand for possession made. Not only was it waived under clause 12, but none was necessary. Upon the giving of such no-

tice the lease by its terms expired April 30 ·following. In such a case no demand was necessary. (Cahill's Ill. St. ch. 80, ¶ 12.) Appellant's authorities not being applicable to this phase of the case, they need not be discussed.

The judgment will be affirmed.

*Affirmed.*

GRIDLEY, P. J., and MORRILL, J., concur.